**ORDER**

The plea of guilty is accepted, subject to Defendant's conditional right to withdraw it pursuant to Fed. R. Crim. P. 11(d)(2)(A). The recommendations in the plea agreement are reserved until the time of sentencing.

Eli Richardson
U.S.D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:25-cr-00069-1 |
| v. | ) | |
| | ) | Judge Richardson |
| RIMON SALIM | ) | |

PLEA AGREEMENT

The United States of America, by and through Braden H. Boucek, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorneys Ahmed A. Safeeullah and Cooper R. Byers, and the defendant, Rimon Salim, by and through the defendant's counsel, Peter ~~Strainse~~ Stricnse, pursuant to Rules 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charges and Penalties in This Case

1. The defendant has been charged in the Indictment in this case with the following offenses:

a. Count One: Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine and 50 Grams or More of Methamphetamine, in violation of Title 21, United States Code, Section 846. The maximum penalties for this offense are: at least 10 years' but not more than life imprisonment; at least five years of supervised release; and not more than a $10,000,000 fine.

b. Count Two: Maintaining a Drug-Involved Premise, in violation of Title 21, United States Code, Section 856. The maximum penalties for this offense are: not more than 20 years' imprisonment; not more than five years of supervised release; and not more than a $500,000 fine.

c. Count Three: Distribution and Possession with the Intent to Distribute 50 Grams or More of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). The maximum penalties for this offense are: at least 10 years' but not more than life imprisonment; at least five years of supervised release; and not more than a $10,000,000 fine.

d. Count Four: Distribution and Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). The maximum penalties for this offense are: not more than 20 years' imprisonment; at least three years of supervised release; and not more than a $1,000,000 fine.

e. Count Five: Distribution and Possession with the Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a)(1). The maximum penalties for this offense are: not more than 20 years' imprisonment; at least three years of supervised release; and not more than a $1,000,000 fine.

2. The Indictment also alleged that as a result of the defendant's offenses, the defendant is subject to forfeiture of property as alleged in the Indictment.

3. The defendant must pay upon conviction a $100 special assessment for each felony count to which the defendant pleads guilty, pursuant to Title 18, United States Code, Section 3013.

4. As part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order the defendant to pay restitution to any victim of the offense, as required by law.

5. The defendant has read the charges against the defendant contained in the Indictment. Those charges have been fully explained to the defendant by the defendant's attorney.



RS

The defendant fully understands the nature and elements of the crimes with which the defendant has been charged.

Charges to Which the Defendant is Pleading Guilty

6. By this Plea Agreement, the defendant agrees to enter voluntary pleas of guilty to Counts Four and Five of the Indictment. After sentence has been imposed on Counts Four and Five as agreed herein, the government will move to dismiss Counts One, Two, Three, and the allegations of forfeiture in the Indictment.

Factual Basis

7. The defendant will plead guilty because the defendant is in fact guilty of the charges contained in Counts Four and Five of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish the defendant's guilt beyond a reasonable doubt:

> Between approximately December 2023 and March 2025, the defendant managed a nightclub called "Club Miami" in Nashville, Tennessee, which was in the Middle District of Tennessee. This nightclub operated as an after-hours night club in that it was open on the weekends between approximately 2:00 a.m. and 6:00 a.m. In February and March of 2025, the defendant sold controlled substances at Club Miami to informants who were working on behalf of Special Agents with the Federal Bureau of Investigation.
>
> Count Four
>
> In the early morning hours of February 23, 2025, FBI Agents met with two informants and provided them with audio and visual recording devices so they could record a drug transaction with the defendant and other drug transactions in Club Miami. FBI Agents also provided the informants with cash to conduct transactions. After receiving the recording devices and cash, the informants went to another nightclub and then Club Miami.
>
> The informants met with the defendant and his co-defendant, Antuan Rhodes, at Club Miami and requested methamphetamine. One of the informants provided the defendant the cash for the methamphetamine, and the defendant gave the cash to the Rhodes for Rhodes to leave the club and purchase the methamphetamine from another person. Rhodes returned to the club, provided the methamphetamine to the defendant, and the defendant gave the methamphetamine to an informant. The

informants left the club, met with Agents, and provided the Agents with the methamphetamine that they received from the defendant.

The Agents subsequently submitted the methamphetamine to the Drug Enforcement Administration's (DEA) laboratory for testing. The lab determined that the methamphetamine was in fact methamphetamine, a Schedule II controlled substance, it was 94 percent pure methamphetamine, and it had an approximate net weight of 27.69 grams.

Count Five

In the early morning hours of March 9, 2025, FBI Agents met with two informants and provided them with audio and visual recording devices so they could record a drug transaction with the defendant and other drug transactions in Club Miami. FBI Agents also provided the informants with cash to conduct transactions. After receiving the recording devices and cash, the informants went to another night club and then Club Miami.

The informants met with the defendant at Club Miami and requested cocaine. One of the informants provided the defendant with cash for the cocaine. Shortly thereafter, an informant met with the defendant once the defendant obtained the cocaine from another person. The defendant and the informant went into Club Miami's bathroom to weigh the cocaine. While in the bathroom, Rhodes provided scales for the defendant and the informant to weigh the cocaine. After weighing the cocaine, the informant took the cocaine, let the club with the other informant, returned to the awaiting Agents, and gave the Agents the cocaine that the defendant provided.

The Agents subsequently submitted the cocaine to the DEA's laboratory for testing. The lab determined that the cocaine was in fact cocaine, a Schedule II controlled substance, and it had a net weight of 55.00 grams.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others' involvement in the offense conduct and other matters.

RS

Acknowledgement and Waivers Regarding Plea of Guilty: Trial Rights

8. The defendant understands that by pleading guilty the defendant waives and surrenders certain trial rights, including the following:

a. If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a public and speedy trial. The defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if the defendant, the government, and the Court all agreed to have no jury.

b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. At trial, the jury would be instructed that the defendant is presumed innocent; that the government bears the burden of proving the defendant guilty of the charges beyond a reasonable doubt; and that the jury must consider each count of the Indictment against the defendant separately.

c. If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses, and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear

voluntarily, the defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant would have the right not to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.

9. The defendant understands that, by pleading guilty, the defendant is waiving all of the trial rights set forth in the prior paragraph. The defendant's attorney has explained those rights, and the consequences of the defendant's waiver of those rights, to the defendant.

Sentencing Guidelines Calculations

10. The parties understand that the Court is required to consider the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at Title 18, United States Code, Section 3553(a), in determining the defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective at the time of sentencing.

11. For purposes of determining the U.S.S.G. advisory guidelines range, the United States and the defendant agree to the following calculations, pursuant to Rule 11(c)(1)(C):

a. Offense Level Calculations.

i. The base offense level for Counts Four and Five is 30, pursuant to U.S.S.G. § 2D1.1(c)(6), because the controlled substances have a converted drug weight of at least 1,000 kilograms but less than 3,000 kilograms.

ii. The base offense level for Counts Four and Five is increased by two levels, pursuant to U.S.S.G. § 2D1.1(b)(12), because the defendant maintained a premise for the purpose of distributing a controlled substance.



RS

iii. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). If the defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), has an offense level of 16 or more prior to the operation of U.S.S.G. § 3E1.1(a), and has given timely notification of the defendant's intention to enter a plea of guilty, the United States will move for an additional one-level decrease in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1(b).

iv. The parties agree that no additional specific offense characteristics or adjustments are applicable in this case.

v. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments or calculations different from those recommended or agreed upon above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

Therefore, assuming that the defendant clearly demonstrates acceptance of responsibility to the satisfaction of the government, the parties agree pursuant to Rule 11(c)(1)(C) that the defendant's final offense level is 29 (the "Recommended Offense Level").

b. Criminal History Category.

i. The parties have no agreement regarding the defendant's Criminal History Category.



RS

12. The defendant understands that the offense level as ultimately determined by the Court (the "Court-determined Offense Level") may be different than the Recommended Offense Level.

13. The defendant is aware that any estimate of the offense level or guidelines range that the defendant may have received from the defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. The defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculation, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon any estimate of the offense level or guidelines range that the defendant may have received from the defendant's counsel, the United States, or the Probation Office.

Agreements Relating to Sentencing

14. Sentencing Recommendation. Each party is free to recommend whatever sentence it deems appropriate. The defendant understands that the defendant's request is not binding on the Court and, after considering the defendant's Sentencing Guidelines, the Court may impose the maximum penalties set forth above. The defendant understands further that the defendant will not be permitted to withdraw the defendant's guilty pleas if the Court does not adopt the defendant's request. The parties jointly request that the Court accept the defendant's pleas of guilty as set forth in this agreement and accept the plea agreement and enter an order reflecting the acceptance of both the plea and this plea agreement.

## Presentence Investigation Report/Post-Sentence Supervision

15. The defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Presentence Investigation Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of the defendant's conduct regarding the charges against the defendant, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16. The defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of the defendant's financial circumstances, including the defendant's recent income tax returns as specified by the Probation Office. The defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of the defendant's sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

## Waiver of Appellate Rights

17. Regarding the issue of guilt, the defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether the defendant is guilty of the crimes to which the defendant is agreeing to plead guilty; and (ii) trial rights that might have been available if the defendant had exercised the right to go to trial. Regarding sentencing, the defendant is aware that Title 18, United States Code, Section 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any



PS

sentence within or below the Court-determined guidelines range. The defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to Title 18, United States Code, Section 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to Title 28, United States Code, Sections 2255 and/or 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence within or above the Court-determined guidelines range.

Other Terms

18. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against the defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, including Immigration and Customs Enforcement, except as expressly set forth in this Plea Agreement.

19. Should the defendant engage in additional criminal activity after the defendant has pled guilty but prior to sentencing, the defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

20. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant regarding the defendant's criminal liability in Case No. 3:25-cr-00069.

21. The defendant and the defendant's attorney acknowledge that no threats have been made to cause the defendant to plead guilty.

22. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

23. The defendant understands that the Indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person. If the defendant moves to file this Plea Agreement under seal, the defendant consents to the disclosure of the Plea Agreement as required by the United States' discovery obligations.

24. The defendant understands that the defendant's compliance with each part of this Plea Agreement extends until such time as the defendant is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. The defendant further understands that in the event the defendant violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Plea Agreement, or may require the defendant's specific performance of this Plea Agreement.

25. The Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I

have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 06-22-26 Rimon Salim

Rimon Salim
The Defendant

26. Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 6/22/26 Peter J. Striense

Peter ~~Strainse~~ Striense
Attorney for the Defendant

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney

By: ______________________
Ahmed A. Safeeullah
Cooper R. Byers
Assistant U.S. Attorneys

*/s/ Rachel M. Stephens*
Rachel M. Stephens
Deputy Chief