IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:25-cr-00069 |
| v. | ) | |
| | ) | Judge Richardson |
| RIMON SALIM | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Braden H. Boucek, United States Attorney for the Middle District of Tennessee, and Ahmed A. Safeeullah, Assistant United States Attorney, hereby submits the following sentencing memorandum with respect to Defendant Rimon Salim. For the reasons discussed herein, the United States requests the Court impose a 70-month sentence followed by a three-year term of supervised release. The United States believes this sentence would be sufficient, but not greater than necessary, to comply with the factors set forth at Title 18, United States Code, Section 3553(a)(1).

Factual and Procedural Background

The Offense Conduct section of the defendant's presentence investigative report ("PSR") and the facts stated in his plea agreement accurately describes his conduct in his offenses of conviction. (PSR ¶¶ 11-17). These facts illustrate that in 2023, 2024, and 2025, the defendant owned and operated Club Miami in Nashville, Tennessee. (*Id.*). Club Miami served as an after-hours nightclub from 2:00 a.m. to 6:00 a.m. (PSR ¶ 11).

In December 2023, an FBI agent and a TBI agent went into Club Miami as patron and observed what they believed to be illegal activity. The agents subsequently utilized confidential informants to conduct controlled purchases of drugs from the defendant and others in Club Miami. (PSR ¶¶ 13-17). Specifically, on August 29, 2024, the defendant sold an informant over 56 grams

of methamphetamine. (PSR ¶ 14). On February 23, 2025, he and his co-defendant (Antuan Rhodes) sold an informant over 26 grams of methamphetamine. (PSR ¶ 15). The defendant sold the informant this methamphetamine after a drug distributor in the club's bathroom could not fulfill the informant's request for a large amount of methamphetamine. (*Id.*). On March 9, 2025, the defendant sold an informant approximately 55 grams of cocaine in the club's bathroom. (PSR ¶ 16). On March 30, 2025, officers executed a search warrant at Club Miami and an adjacent nightclub. (PSR ¶ 17). They recovered several firearms, digital scales, and distribution amounts of controlled substances from Club Miami. (*Id.*).

After the search and the defendant's arrest on a criminal complaint, a federal Grand Jury returned a five-count Indictment charging the defendant with Conspiracy to Distribute Controlled Substances in Count One, Maintaining a Drug-Involved Premise in Count Two, Distribution of More than 50 Grams of Methamphetamine in Count Three, Distribution of Methamphetamine in Count Four, and Distribution of Cocaine in Count Five. (PSR ¶ 2). The defendant ultimately pled guilty to Counts Four and Five pursuant to a plea agreement where the United States agreed to dismiss Counts One, Two, and Three at the conclusion of the sentencing hearing. (PSR ¶ 4). Under the terms of the plea agreement, the parties surmised that the defendant had a Total Offense Level of 29.

The Court scheduled a sentencing hearing and ordered the Probation Office to prepare a Presentence Investigative Report (PSR). (DE# 76). The PSR determined that the defendant had a lower than anticipated Total Offense Level of 27, a Criminal History Category of I, and a corresponding guideline range of 70 to 87 months. (PSR ¶ 65). The United States has reviewed the PSR and does not have any objections to the Guidelines calculations contained therein. (DE# 82). Therefore, the United States agrees that the defendant's final advisory Guidelines range is 70 to

87 months of imprisonment, and recommends a sentence of 70 months.

Consideration of the 18 U.S.C. § 3553(a) Factors

a. Nature and Circumstances of the Offense (§ 3553(a)(1))

The United States believes the PSR's offense conduct section accurately reflects the nature and circumstances of the defendant's offenses of conviction. (PSR ¶¶ 3-6). These circumstances establish that he owned and operated Club Miami where he allowed others to distribute controlled substances. (PSR ¶¶ 11-17). In addition, he personally sold methamphetamine and cocaine inside of the nightclub's bathroom and kitchen. (*Id.*). He used his club and the club's security measures as a layer of protection to ward against theft and law enforcement intervention. (*Id.*). Despite his efforts, agents utilized informants to uncover the scope of his activities and purchase controlled substances from him. (*Id*). While the defendant was armed at times in his role in managing the nightclub, the United States cannot establish that he used a firearm in connection with his drug distribution. A sentence of 70 months is a sufficient sentence in this case based on his conduct.

b. History and Characteristics of the Defendant (§ 3553(a)(1))

According to the PSR, the defendant was born in Bagdad, Iraq, into the marriage of Ramzi and Najat Salim. (PSR ¶ 42). The defendant has four siblings who were also born into this union. (*Id.*). The defendant lived in Iraq until he was four years old. (PSR ¶ 43). The defendant's family fled Iraq to Syria due to a war because the defendant's father served as a soldier in the war. (*Id.*). When they moved to Syria, the family resided in a refuge camp where they had limited amenities and food. (*Id.*). The conditions in this camp were not ideal, and there was frequent violence. (*Id.*).

When the defendant was 10 years old, he and his family relocated to the United States and eventually settled in Nashville due to a sponsorship by Trevecca Nazarene University. (PSR ¶ 44). The defendant's life drastically improved when they relocated, and he did not suffer from abuse

or neglect. (*Id.*). He attended and graduated from Glencliff High School. (PSR ¶ 58). He subsequently graduated from Nashville State Community College with an associate degree in applied science. (PSR ¶ 59). Around the age of 21 years old, he became a naturalized citizen. (PSR ¶ 44).

The defendant has never been married nor does he have any children. (PSR ¶ 45). However, he has been in a long-term relationship with Rachel Flores. (*Id.*). Ms. Flores has three children from a prior relationship, one of her children has autism, and the defendant helps Ms. Flores raise this child. (*Id.*). The defendant reported that he does not have any substance abuse issues; however, he is currently being seen for mental health issues related to depression, anxiety, trauma, and stress. (PSR ¶¶ 51-56).

The defendant has a long history of employment in the security industry. (PSR ¶ 60). He is presently employed at Express Market stocking shelves and performing janitorial work. (*Id.*). Prior to this employment, he owned and operated Club Miami where he also sold cocaine and methamphetamine. (PSR ¶¶ 11-17).

Based on the defendant's involvement in multiple drug sales from his place of employment, a significant sentence is warranted. A sentence of 70 months would be sufficient but not greater than necessary.

c. <u>Characteristics of the Sentence (§ 3553(a)(2)-(7))</u>

This sentence would also reflect the seriousness of the defendant's crimes. 18 U.S.C. § 3553(a)(2)(A). Specifically, he maintained a nightclub where he sold large amounts of cocaine and methamphetamine in the club's bathroom and kitchen. (PSR ¶ 11-16). When officers executed a search warrant on his nightclub, they recovered multiple firearms, digital scales, and distribution amounts of controlled substances. (PSR ¶ 17). The defendant does not have any convictions which

indicates that the need to promote respect for the law is lessened. (PSR ¶¶ 34-38). Nonetheless, the proposed sentence would promote respect for the law while also providing a just punishment. 18 U.S.C. § 3553(a)(2)(A).

This sentence would deter the defendant from committing similar crimes and protect the public from any further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). The proposed 70-month sentence would be his longest period of incarceration and hopefully it deters him from engaging in more crimes. This sentence could also allow the defendant to develop a set of skills to further his employment prospects upon release. 18 U.S.C. § 3553(a)(2)(D).

Furthermore, this sentence will deter members of the general public (*i.e.*, club owners in the Middle District of Tennessee) from engaging in this type of conduct and allowing their clubs to be places where drugs are sold and used. 18 U.S.C. § 3553(a)(2)(B). This sentence also reflects the types of sentences available to the Court and considers the applicable Guidelines range. 18 U.S.C. §§ 3553(a)(3) and (4). Lastly, a 70-month sentence would avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes because the 70-month sentence is at the bottom of the guideline range. 18 U.S.C. § 3553(a)(6).

**CONCLUSION**

Based upon the foregoing, the United States respectfully requests this Court to sentence the defendant to a 70-month sentence of imprisonment followed by a three-year term of supervised release. This sentence will adequately comply with the purposes set forth in Title 18, United States Code, Section 3553(a) and is sufficient, but not greater than necessary, to address the sentencing factors.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney

BY: *s/ Ahmed A. Safeeullah*
Ahmed A. Safeeullah
Assistant U.S. Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151