PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Rimon Salim Docket No. 0650 3:25CR00069 - 1

### Petition for Action on Conditions of Pretrial Release

COMES NOW Cody Sutton, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Rimon Salim who was placed under pretrial release supervision by the Honorable Alistair E. Newbern sitting in the Court at **Nashville, Tennessee**, on April 04, 2025, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference pages two and three of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Cody Sutton | Nashville, TN | September 11, 2026 |
| U.S. Pretrial Services Officer | Place: | Date: |

**Next Scheduled Court Event** **Sentencing Hearing** (Event) September 21, 2026 (Date)

## PETITIONING THE COURT

☐ No Action
☐ To Issue a Warrant
☐ To issue an order setting a hearing on the petition
☒ Other Consider alleged violations at sentencing on September 21, 2026.

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshals only)
☐ Other
X Consideration of alleged violations at sentencing

☐ A Hearing on the Petition is set for

Date ______ Time ______

Considered and ordered this 17th day of September, 2026, and ordered filed and made a part of the records in the above case.

Eli Richardson
Honorable Eli Richardson
U.S. District Judge

On March 31, 2025, the defendant appeared before the Honorable Alistair E. Newbern, U.S. Magistrate Judge, for an initial appearance after he was charged with Distribution and Possession with the Intent to Distribute Methamphetamine and Cocaine and Maintaining a Drug-Involved Premises. The Government filed a motion for detention. On April 4, 2025, a detention hearing was conducted, and the Court released the defendant to pretrial supervision with various conditions.

On June 22, 2026, the defendant appeared before Your Honor for a change of plea hearing. The defendant entered a guilty plea to Counts 4 and 5 of the Indictment. The defendant is scheduled to appear for sentencing on September 21, 2026.

**Special Conditions of Pretrial Release:**
Please reference the attached Order Setting Conditions of Release.

**Alleged Violation:**

**Standard Condition No. 1: The defendant must not violate federal, state, or local law while on release.**

On August 27, 2026, the defendant was arrested in Nashville, Davidson County, for Assault (GS1124055) and Robbery (GS1124056). The defendant was released on a $15,000 bond. The defendant is scheduled to appear in General Sessions Court on October 30, 2026.

According to the affidavit, on May 25, 2026, Celvin Murillo-Guifarro was outside the Miami Club located at 2045 Antioch Pike in Nashville, Tennessee, when Rimon Salim told him to move his vehicle. Mr. Salim struck Mr. Murillo Guifarro in the face, which caused him to fall to the ground. While Mr. Murillo-Guifarro was on the ground, Mr. Salim kicked him in the face. Mr. Murillo-Guifarro sustained a broken arm as a result of the assault. Mr. Murillo-Guifarro reported he has known Mr. Salim for several years because Mr. Salim owns the Miami Club. Selvin Murcia-Arita witnessed Mr. Salim strike Mr. Murillo-Guifarro three times in the face, which caused him to fall to the ground. Mr. Murcia-Arita stated the assault was unprovoked and that Mr. Murillo-Guifarro never pushed or punched Mr. Salim. Mr. Murcia-Arita recorded the assault on his cell phone. Mr. Salim was notified by security guards that Mr. Murcia-Arita recorded the assault. Mr. Salim and four security guards surrounded Mr. Murcia-Arita and demanded that he delete the recording. When Mr. Murcia-Arita refused to surrender his cell phone, Mr. Salim grabbed the phone from Mr. Murcia-Arita's hand. Mr. Salim gave the phone to a female security guard while the other security guards restrained Mr. Murcia-Arita. The female security guard deleted the recording of the assault before returning the phone to Mr. Murcia-Arita.

An additional witness, Roberto Isaac, witnessed Mr. Salim punch Mr. Murillo-Guifarro. Mr. Isaac reported that Mr. Murillo-Guifarro did not punch, push, or display any type of aggression towards Mr. Salim at any time. Mr. Isaac also witnessed Mr. Salim forcibly take Mr. Murcia-Arita's phone. Mr. Isaac further stated he witnessed Mr. Murcia-Arita being restrained by four security guards while Mr. Salim went through the contents of Mr. Murcia-Arita's phone.

**Probation Officer's Actions:**

On September 10, 2026, this officer contacted the defendant about the arrest. The defendant adamantly denied the allegations and stated he has not been anywhere near Miami Club since his arrest last year. The defendant reported he does not know any of the individuals listed in the affidavits and has never assaulted or robbed anyone. Additionally, the defendant reported Miami Club was shut down following his initial arrest in the federal case. The defendant reported he intends to contest he allegations and has retained counsel.

**Compliance with Release Conditions:**

The defendant reports to Pretrial Services as directed, maintains employment with Express Market, participates in mental health treatment at On Your Mind Counseling, and maintains negative urine screens.

**Respectfully Petitioning the Court as Follows:**

Due to the defendant's approaching sentencing date and his compliance since his arrest on the new charges, Pretrial Services respectfully requests the Court consider the violations at sentencing.

Assistant United States Attorney Ahmed Safeeullah has been notified of the alleged violation.

Approved by:

Kimberly J. Haney
Supervisory U.S. Probation Officer

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

United States of America
v.
Rimon Salim
*Defendant*

Case No. 3:25-cr-69

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: as directed
*Place*

on ______
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☑ ) (6) The defendant is placed in the custody of:
Person or organization Shawki Salim
Address *(only if above is an organization)*
City and state Tel. No.
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: Shawki Salim 4-4-25
*Custodian* *Date*

( ☑ ) (7) The defendant must:

( ☑ ) (a) submit to supervision by and report for supervision to the Pretrial Service Office, telephone number (615) 736-5771, no later than as directed.
( ☑ ) (b) continue or actively seek employment.
( ☐ ) (c) continue or start an education program.
( ☑ ) (d) surrender any passport to: Pretrial Services
( ☑ ) (e) not obtain a passport or other international travel document.
( ☑ ) (f) abide by the following restrictions on personal association, residence, or travel: Middle District of Tennessee unless approved in advance by Pretrial Services
( ☑ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: co-defendants associated with the case, except in the presence of counsel
( ☐ ) (h) get medical or psychiatric treatment:
( ☐ ) (i) return to custody each ______ at ______ o'clock after being released at ______ o'clock for employment, schooling, or the following purposes:
( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ☑ ) (k) not possess a firearm, ammunition, destructive device, or other weapon.
( ☐ ) (l) not use alcohol ( ☐ ) at all ( ☐ ) excessively.
( ☑ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ☑ ) (n) submit to testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, wearing a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.
( ☑ ) (o) participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.
( ☐ ) (p) participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol.
( ☐ ) pay all or part of the cost of remote alcohol testing, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer.
( ☑ ) (q) participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i. Following the location restriction component **(check one)**:

( ☑ ) (1) **Curfew.** You are restricted to your residence every day ( ☐ ) from ______ to ______, or ( ☑ ) as directed by the pretrial services office or supervising officer; or
( ☐ ) (2) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer; or
( ☐ ) (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court; or
( ☐ ) (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

## ADDITIONAL CONDITIONS OF RELEASE

(ii) submit to the following location monitoring technology (check one): Salim may ask the Court to review this condition in 4 months.

- (☑) (1) Location monitoring technology as directed by the pretrial services or supervising officer; or
- (☐) (2) GPS; or
- (☐) (3) Radio Frequency; or
- (☐) (4) Voice Recognition; or
- (☐) (5) Virtual Mobile Application. You must allow the pretrial services or supervising officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., locational services) are unaltered, and 3) no efforts have been made to alter the mobile application.

(iii) (☐) pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer

(☑) (r) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops within 48 hours.

(☑) (s) Allow Pretrial Services to visit at home or elsewhere and confiscate any contraband in plain view.

☑ (t) not operate or be employed by a bar or nightclub

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Rimon Salim
*Defendant's Signature*

Nashville, TN
*City and State*

### Directions to the United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 4/4/25

[signature]
*Judicial Officer's Signature*

Magistrate Judge Alistair E. Newbern
*Printed name and title*

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL